[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 381.]

THE STATE EX REL. MOTAKENTTA, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Motakentta v. Indus. Comm.*, 1998-Ohio-619.]

*Workers' compensation—Benefits—R.C. 4123.56(B), applied—Wage-loss compensation properly terminated by Bureau of Workers' Compensation when two-hundred-week limit in R.C. 4123.56(B) is reached.*

(No. 95-1582—Submitted March 25, 1998—Decided April 15, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD06-825.

————————————

*Elliott, Heller, Maas, Moro & Magill Co., L.P.A.*, and *C. Douglas Ames*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Melanie Cornelius*, Assistant Attorney General, for appellee.

————————————

*Per Curiam.*

{¶ 1} Selah D. Motakentta, appellant, sought a writ of mandamus directing appellee, Industrial Commission of Ohio, (1) to vacate its order declaring an overpayment in the wage-loss compensation he had received, and (2) to pay him wage-loss compensation up to the statutory maximum in R.C. 4123.56(B) without any offset for wage-loss compensation paid to him in error. The Franklin County Court of Appeals denied the writ, holding that the Ohio Bureau of Workers' Compensation ("BWC") properly calculated the statutory maximum by accounting for all the wage-loss compensation Motakentta had received. We affirm.

{¶ 2} Motakentta was injured in 1987 while working for the Velotta Company ("Velotta"), and his workers' compensation claim was allowed for "torn muscles, left rib cage; traumatic myositis dorsal lumbar spine; contusion and

intercostal neuritis, left side." In April 1989, a commission district hearing officer ("DHO") ordered payment of wage-loss compensation to Motakentta starting from January 23, 1989 and to continue, up to the statutory two-hundred-week maximum, as long as Motakentta could show a wage loss attributable to his allowed conditions.

{¶ 3} Velotta appealed administratively without success and then challenged the wage-loss order by an action in mandamus. In *State ex rel. Velotta Co. v. Indus. Comm.* (July 23, 1991), Franklin App. No. 90AP-769, the court of appeals granted a writ of mandamus directing the commission to prepare a new order that either granted or denied wage-loss compensation and that specified the reasons for its decision. In compliance, the commission referred the claim to another DHO, who heard the matter on November 12, 1991. That DHO terminated Motakentta's wage-loss compensation, finding that he had not produced sufficient evidence to justify the payments he had already received. Motakentta did not appeal.

{¶ 4} In February 1992, Motakentta applied for a new period of wage-loss compensation to commence on November 13, 1991 and to continue upon submission of appropriate proof. In April 1992, a DHO granted Motakentta's second application. Velotta appealed this order administratively and called the commission's attention to the "[w]age [l]oss overpayment" for the period commencing on January 23, 1989. The commission did not disturb the award for the subsequent period of wage-loss compensation that began on November 13, 1991.

{¶ 5} BWC apparently paid Motakentta wage-loss compensation pursuant to this award, but it ceased payments as of January 22, 1993, when he reached the two-hundred-week maximum in R.C. 4123.56(B). In August 1993, Motakentta moved BWC to recommence payments, but the BWC administrator denied the motion. On Motakentta's appeal, a DHO affirmed the administrator's decision. On

Motakentta's further appeal, a commission staff hearing officer reversed and granted wage-loss compensation on this basis:

"It is the finding of the Staff Hearing Officer that Wage Loss Compensation paid from 1-23-89 to 4-19-89 was denied by District Hearing Officer Order dated 11-12-91. The Staff Hearing Officer finds that while said denial resulted in the overpayment of monies to the Claimant, no Wage Loss Compensation has been *awarded* to the Claimant and the Claimant is entitled to request Wage Loss Compensation pursuant to Section 4123.56 Ohio Revised Code and orders that the number of weeks in this denied period not be calculated as weeks of Wage Loss Compensation paid to the Claimant for purposes of determining the Claimant's eligibility for any other periods of Wage Loss.

"However, the Staff Hearing Officer further orders that any monies paid to the Claimant for this denied period be deemed an overpayment and deducted from any future awards of compensation." (Emphasis *sic*.)

{¶ 6} Motakentta appealed again, objecting to the staff hearing officer's finding that the wage-loss compensation he received between January 23, 1989 and the DHO hearing on November 12, 1991 constituted an overpayment to be set off against subsequently awarded wage loss, apparently pursuant to R.C. 4123.511(J). The commission, through another staff hearing officer, refused Motakentta's appeal, prompting this action in mandamus.

{¶ 7} The court of appeals denied the writ because Motakentta had reached the two-hundred-week wage-loss compensation limit in R.C. 4123.56(B). R.C. 4123.56(B) provides:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two

thirds per cent of his weekly wage loss *not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks*." (Emphasis added.)

**{¶ 8}** Contrary to Motakentta's argument, the period for calculating the statutory maximum under this statute does not begin anew with each additional period for which a claimant may qualify for wage-loss compensation. Rather, a claimant is entitled to two hundred weeks of wage-loss compensation only for each allowed industrial injury claim. Moreover, the statutory maximum is expressly based on the wage-loss compensation received by the claimant. There is no exception for wage-loss compensation received in good faith or wage-loss compensation that was ultimately "unawarded" to the claimant pursuant to a successful employer challenge.

**{¶ 9}** Only one industrial injury claim has been recognized in this case, and Motakentta does not dispute that he has received two hundred weeks of wage-loss compensation based on commission orders arising from this single claim. For these reasons, BWC properly terminated his wage-loss compensation, and the court of appeals so found. Accordingly, we affirm the judgment of the court of appeals denying the requested writ of mandamus.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____